McNeil v. O'Brian                                                                                          Doc. 2

```
                                                          CLERK'S OFFICE U.S. DIST. COURT
                                                                  AT ROANOKE, VA
                                                                       FILED

                                                                   JUL 20 2006
     IN THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF VIRGINIA        JOHN F. CORCORAN, CLERK
                 ROANOKE DIVISION                 BY:
                                                         DEPUTY CLERK
```

| | |
|---|---|
| ANTUAN MCNEIL, ) | |
|     Petitioner, ) | Civil Action No. 7:06-cv-00425 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| TERRY O'BRIEN, ) | By: Hon. James C. Turk |
|     Respondent. ) | Senior United States District Judge |

Petitioner Antuan McNeil, a federal inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. McNeil claims that the term of supervised release imposed upon him after his federal criminal conviction is illegal. Upon review of the record, the court concludes that the petition must be dismissed as it fails to state any claim actionable under § 2241.

I.

McNeil's petition indicates that in 2002, he plead guilty in the United States District Court for the Middle District of North Carolina on federal criminal charges arising from a mail robbery. The court sentenced him to 177 months in prison to be followed by five years of supervised release. He was also ordered to pay restitution. McNeil did not appeal and has never filed a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255.

In his petition, McNeil challenges only the supervised release portion of his sentence. He argues that it is unlawful under federal statutes and that it violates principles prohibiting double jeopardy and split sentences.

II.

An inmate may not challenge the validity of his conviction or sentence in a § 2241 petition, unless a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255, is "inadequate or ineffective to test the legality of [the inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381, 51 L. Ed. 2d 411 (1977). The Fourth Circuit has held that a § 2255 motion is inadequate and ineffective to test the legality of an inmate's detention when the following three elements are shown:

Dockets.Justia.com

(1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

Under In re Jones, it is clear that McNeil cannot proceed under § 2241. McNeil has not pointed to any change in the substantive law associated with his conviction, and a review of current federal law shows that the conduct for which he is currently incarcerated continues to constitute a criminal offense. See 18 U.S.C. § 924(c), § 2114. As McNeil fails to demonstrate that § 2255 is inadequate to test the validity of his supervised release sentence, he fails to prove that he is entitled to raise his current claim under § 2241. Therefore, the court must dismiss his petition without prejudice. An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 26th day of July, 2006.

*James C. Turk*
Senior United States District Judge